**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Anne Palmer,**
**Plaintiff Below, Petitioner**

**vs.)  No. 20-0748** (Kanawha County 19-C-100)

**Tucson Charleston, LLC, a limited**
**liability corporation, d/b/a Charleston**
**Embassy Suites and Atrium Hospitality,**
**LP, a corporation,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**


Petitioner Anne Palmer, by counsel James M. Barber, appeals the order of the Circuit Court of Kanawha County, entered on August 31, 2020, granting respondents' motion for summary judgment. Respondents Tucson Charleston, LLC and Atrium Hospitality, LP (collectively, "Embassy Suites") appear by counsel Melvin F. O'Brien and Melissa M. Barr.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Palmer, together with her now-deceased husband, filed a complaint in the Circuit Court of Kanawha County in 2019, claiming that she was injured when she tried to exit an automatic revolving door on the premises of Embassy Suites. Ms. Palmer asserted that Embassy Suites negligently failed to maintain the door, and that this negligence led to the door's striking her shoulder and back, causing her to fall and injure a knee. Specifically, Ms. Palmer accused Embassy Suites of failure to "properly calibrate, test, adjust, and maintain the sensors and other parts of the automatic revolving door consistent with manufacturer's recommendations and applicable codes and standards."

After the discovery period closed, the circuit court granted a motion for summary judgment that was filed by Embassy Suites, noting that Ms. Palmer failed to identify an expert witness who would "testify concerning any defect, dangerous condition, or code violation applicable to the subject door necessary to establish the causation needed to prove a case of prima face negligence. . . ." On appeal, Ms. Palmer assigns error generally to the circuit court's grant of summary

judgment in her "simple negligence case" where, she argues, the evidence shows that she "was struck and knocked down by the moving wing of an automatic revolving door that did not have safety devices which had been the industry standard for [fifteen] years and were specifically designed to prevent the door from striking users." The argument supporting Ms. Palmer's assignment of error attacks the circuit court's application of the premise that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Our review is de novo. *Id*. at Syl. Pt. 1.

We concentrate on Ms. Palmer's allegation that Embassy Suites failed to use "industry standard" safety devices to regulate its revolving door. To establish the existence of an industry standard, Ms. Palmer presented a copy of the "American National Standard for Power and Manual Operated Revolving Pedestrian Doors" published in 2003 by the American National Standards Institute, Inc. ("ANSI"). In response, Embassy Suites offered the testimony of its expert witness, a mechanical engineer, who explained that there was no industry standard for the installation and maintenance of automatic revolving doors prior to the publication of the ANSI standard. Embassy Suites' door, installed in 1997, predated the development of the industry standard described in the ANSI document.

Embassy Suites also offered testimony from a service technician employed by the company that Embassy Suites engaged to perform maintenance and repairs on its revolving door. The service technician testified in a discovery deposition that the door's sensors were in proper working order, that the door was found to be safe after each service event, and that the door could not be retrofitted with additional sensors. Ms. Palmer offered no evidence to refute this testimony.

As the circuit court adequately explained, it was incumbent on Ms. Palmer to establish a prima facie case of negligence to survive the motion for summary judgment.

> "In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syllabus Point 1, *Parsley v. General Motors Acceptance Corp.,* 167 W. Va. 866, 280 S.E.2d 703 (1981).

Syl. Pt. 4, *Wal-Mart Stores E., L.P. v. Ankrom*, 244 W. Va. 437, 854 S.E.2d 257 (2020). Ms. Palmer maintains that she met this burden because there is a factual dispute about the applicability of the ANSI standard to Embassy Suites' revolving door and, thus, a factual dispute about Embassy Suites' responsibility to retrofit its revolving door with the modern safety devices described in the standard. We disagree with Ms. Palmer's conclusion that the ANSI standard, without illumination

by an expert witness, creates a factual dispute. The circuit court unequivocally explained that the application of the ANSI standard was beyond the competency of a lay juror. We have said:

> A determination by the trial court as to whether a plaintiff has presented sufficient evidence, absent expert testimony, such that the jury from its own experience can evaluate the claim, its causal connection to the defendant's conduct and the damages flowing therefrom will not be disturbed unless it is an abuse of discretion.

*Thompson v. Hope Gas, Inc*., No. 11-1511, 2013 WL 513686, at *2 (W. Va. Feb. 11, 2013) (quoting in part Syl. Pt. 4, *Tanner v. Rite Aid of W.Va., Inc*., 194 W. Va. 643, 461 S.E.2d 149 (1995)). Because the only expert testimony before the circuit court explicitly established that the 2003 ANSI standard was not applicable to the 1997-installed door, and because further testimony established that the sensors described in the ANSI standard could not be fitted to the door, we find that the circuit court did not abuse its discretion in finding that Ms. Palmer failed to establish a prima facie case of negligence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

3